**FILED**
CLERK, U.S. DISTRICT COURT

02/04/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | ED CR No. 5:26-cr-00025-JGB |
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. § 846: Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and Fentanyl; 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii): Distribution of Methamphetamine; 21 U.S.C. § 841(a)(1), (b)(1)(B)(vi): Distribution of Fentanyl; 18 U.S.C. § 924(c)(1)(A)(i): Possess, Use, and Carry a Firearm in Furtherance of, and During and in Relation to, Drug Trafficking Crimes; 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 21 U.S.C. § 853, 18 U.S.C. § 924, 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| CARLOS ABRAN LOPEZ, JESUS FLORES, aka "Guero," PRESCILLA ZAVALA, and FELIX ALBERTO TELLEZ-MORALES, | |
| Defendants. | |

///

///

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

[ALL DEFENDANTS]

A.   OBJECTS OF THE CONSPIRACY

Beginning no later than on or about March 31, 2025, and continuing to at least on or about July 22, 2025, in Riverside County, within the Central District of California, and elsewhere, defendants CARLOS ABRAN LOPEZ, JESUS FLORES, also known as "Guero," PRESCILLA ZAVALA, and FELIX ALBERTO TELLEZ-MORALES, together with others known and unknown to the Grand Jury, conspired to knowingly and intentionally distribute and possess with intent to distribute at least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(viii), and at least 40 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B)(vi).

B.   MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE
     ACCOMPLISHED

The objects of the conspiracy were to be accomplished, in substance, as follows:

1.   Defendant LOPEZ would obtain fentanyl, methamphetamine, and firearms from sources of supply for further distribution to others.

2.   Defendant LOPEZ would supply defendant FLORES with methamphetamine to distribute to buyers at a meeting location in Riverside County.

2

3.    Defendant LOPEZ would supply defendants FLORES, ZAVALA, and TELLEZ-MORALES with fentanyl to distribute to buyers at a meeting location in Riverside County.

4.    Defendant FLORES would negotiate prices with buyers and accept payment for methamphetamine.

5.    Defendants FLORES, ZAVALA, and LOPEZ would negotiate prices for fentanyl with buyers.

6.    Defendants FLORES, ZAVALA, LOPEZ, and TELLEZ-MORALES would accept payment from buyers for fentanyl.

C.    OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, on or about the following dates, defendants LOPEZ, FLORES, ZAVALA, and TELLEZ-MORALES, and others known and unknown to the Grand Jury, committed various overt acts in Riverside County, within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:    On March 31, 2025, defendant FLORES agreed to meet with Buyer 1, who, unbeknownst to defendant FLORES, was an undercover law enforcement officer, on April 1, 2025, to sell approximately two pounds of methamphetamine.

Overt Act No. 2:    On April 1, 2025, defendant FLORES obtained approximately 609.1 grams of methamphetamine from defendant LOPEZ.

Overt Act No. 3:    On April 1, 2025, defendants FLORES and ZAVALA transported approximately 609.1 grams of methamphetamine to a location in Riverside County to meet with Buyer 1.

Overt Act No. 4:    On April 1, 2025, defendant FLORES met with Buyer 1 and distributed approximately 609.1 grams of methamphetamine to Buyer 1 for $1,600.

Overt Act No. 5:   On April 1, 2025, defendant FLORES told Buyer 1 that defendant ZAVALA had packaged the methamphetamine that defendant FLORES distributed to Buyer 1.

Overt Act No. 6:   On April 1, 2025, defendant FLORES told Buyer 1 he could sell Buyer 1 fentanyl.

Overt Act No. 7:   On April 2, 2025, via text message, defendant FLORES told Buyer 1 that he could sell Buyer 1 fentanyl for $9,000 a pound.

Overt Act No. 8:   On May 6, 2025, defendants FLORES and ZAVALA obtained approximately 301.6 grams of a mixture and substance containing fentanyl from defendant LOPEZ.

Overt Act No. 9:   On May 6, 2025, defendants FLORES and ZAVALA transported approximately 301.6 grams of a mixture and substance containing fentanyl to a location in Riverside County to meet with Buyer 1.

Overt Act No. 10:   On May 6, 2025, defendants FLORES and ZAVALA distributed approximately 301.6 grams of a mixture and substance containing fentanyl to Buyer 1 for $3,500.

Overt Act No. 11:   On May 22, 2025, defendant ZAVALA agreed to sell Buyer 1 approximately four ounces of fentanyl for $3,800.

Overt Act No. 12:   On June 3, 2025, defendants ZAVALA and TELLEZ-MORALES obtained approximately 98.6 grams of a mixture and substance containing fentanyl from defendant LOPEZ.

Overt Act No. 13:   On June 3, 2025, defendants ZAVALA and TELLEZ-MORALES transported approximately 98.6 grams of a mixture and substance containing fentanyl to a location in Riverside County to meet with Buyer 1.

Overt Act No. 14:   On June 3, 2025, defendant ZAVALA distributed approximately 98.4 grams of a mixture and substance containing fentanyl to Buyer 1 for $3,800.

Overt Act No. 15:   On June 9, 2025, defendant ZAVALA told Buyer 1 that defendant ZAVALA had provided Buyer 1's phone number to defendant LOPEZ.

Overt Act No. 16:   On June 9, 2025, defendant LOPEZ called Buyer 1 and explained that defendant LOPEZ was a supplier of fentanyl and methamphetamine for defendants ZAVALA and FLORES.

Overt Act No. 17:   On June 9, 2025, defendant LOPEZ agreed to meet with Buyer 1 on June 12, 2025, and sell Buyer 1 three firearms and four ounces of fentanyl.

Overt Act No. 18:   On June 12, 2025, defendant LOPEZ transported three firearms and approximately 98.6 grams of a mixture and substance containing fentanyl to a location in Riverside County to meet with Buyer 1.

Overt Act No. 19:   On June 12, 2025, defendant LOPEZ distributed three firearms and approximately 98.6 grams of a mixture and substance containing fentanyl to Buyer 1 for $6,900.

Overt Act No. 20:   On July 11, 2025, defendant LOPEZ agreed to sell four ounces of fentanyl to Buyer 1 for $3,800 and told Buyer 1 that defendant LOPEZ would send defendant TELLEZ-MORALES to distribute the fentanyl.

Overt Act No. 21:   On July 14, 2025, defendant TELLEZ-MORALES transported approximately 120.4 grams of a mixture and substance containing fentanyl to a location in Riverside County to meet with Buyer 1.

Overt Act No. 22:    On July 14, 2025, defendant TELLEZ-MORALES distributed approximately 120.4 grams of a mixture and substance containing fentanyl to Buyer 1 for $3,800.

Overt Act No. 23:    On July 21, 2025, defendant LOPEZ agreed to meet with Buyer 1 on July 22, 2025, and sell Buyer 1 three firearms and two ounces of fentanyl.

Overt Act No. 24:    On July 22, 2025, defendants LOPEZ and TELLEZ-MORALES transported three firearms and approximately 50 grams of a mixture and substance containing fentanyl to a location in Riverside County to meet with Buyer 1.

Overt Act No. 25:    On July 22, 2025, defendants LOPEZ and TELLEZ-MORALES distributed three firearms and approximately 50 grams of a mixture and substance containing fentanyl to Buyer 1 for $3,300.

COUNT TWO

[21 U.S.C. § 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT FLORES]

On or about April 1, 2025, in Riverside County, within the Central District of California, defendant JESUS FLORES, also known as "Guero," knowingly and intentionally distributed at least 50 grams, that is, approximately 609.1 grams, of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[21 U.S.C. § 841(a)(1), (b)(1)(B)(vi); 18 U.S.C. § 2(a)]

[DEFENDANTS FLORES AND ZAVALA]

On or about May 6, 2025, in Riverside County, within the Central District of California, defendants JESUS FLORES, also known as "Guero," and PRESCILLA ZAVALA, each aiding and abetting the other, knowingly and intentionally distributed at least 40 grams, that is, approximately 301.6 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT FOUR

[21 U.S.C. § 841(a)(1), (b)(1)(B)(vi)]

[DEFENDANT ZAVALA]

On or about June 3, 2025, in Riverside County, within the Central District of California, defendant PRESCILLA ZAVALA knowingly and intentionally distributed at least 40 grams, that is, approximately 98.4 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT FIVE

[21 U.S.C. § 841(a)(1), (b)(1)(B)(vi)]

[DEFENDANT LOPEZ]

On or about June 12, 2025, in Riverside County, within the Central District of California, defendant CARLOS ABRAN LOPEZ knowingly and intentionally distributed at least 40 grams, that is, approximately 98.60 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT SIX

[18 U.S.C. § 924(c)(1)(A)(i)]

[DEFENDANT LOPEZ]

On or about June 12, 2025, in Riverside County, within the Central District of California, defendant CARLOS ABRAN LOPEZ knowingly used and carried, during and in relation to, and possessed the following firearms in furtherance of a drug trafficking crime, namely, Possession with Intent to Distribute N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B)(vi), as charged in Count Five of this Indictment:

1.    An Angstadt Arms model AA-0940 9mm pistol with an obliterated serial number; and

2.    A Smith & Wesson model 27 .357 revolver bearing serial number N809746.

11

COUNT SEVEN

[18 U.S.C. § 922(g)(1)]

[DEFENDANT LOPEZ]

On or about June 12, 2025, in Riverside County, within the Central District of California, defendant CARLOS ABRAN LOPEZ knowingly possessed the following firearms and ammunition, each in and affecting interstate and foreign commerce:

1.    An Angstadt Arms model AA-0940 9mm pistol with an obliterated serial number;

2.    A Smith & Wesson model 27 .357 revolver bearing serial number N809746;

3.    Nine rounds of Winchester 9mm Luger ammunition;

4.    One round of Winchester military ammunition;

5.    Four rounds of Remington-Peters .38 Special ammunition; and

6.    One round of Western Cartridge Company .38 Special ammunition.

Defendant LOPEZ possessed these firearms and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Criminal Threats, in violation of California Penal Code Section 422, in the Superior Court of the State of California, County of Riverside, case number SWF019670, on or about January 16, 2007; and

2.    Possession of Methamphetamine, in violation of California Health and Safety Code Section 11377, in the Superior Court of the State of California, County of Riverside, case number SWF1102439, on or about March 14, 2013.

12

COUNT EIGHT

[21 U.S.C. § 841(a)(1), (b)(1)(B)(vi); 18 U.S.C. § 2(a)]

[DEFENDANTS LOPEZ AND TELLEZ-MORALES]

On or about July 14, 2025, in Riverside County, within the Central District of California, defendants CARLOS ABRAN LOPEZ and FELIX ALBERTO TELLEZ-MORALES, each aiding and abetting the other, knowingly and intentionally distributed at least 40 grams, that is, approximately 120.4 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT NINE

[21 U.S.C. § 841(a)(1), (b)(1)(B)(vi); 18 U.S.C. § 2(a)]

[DEFENDANTS LOPEZ AND TELLEZ-MORALES]

On or about July 22, 2025, in Riverside County, within the Central District of California, defendants CARLOS ABRAN LOPEZ and FELIX ALBERTO TELLEZ-MORALES, each aiding and abetting the other, knowingly and intentionally distributed at least 40 grams, that is, approximately 50 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT TEN

[18 U.S.C. § 924(c)(1)(A)(i); 18 U.S.C. § 2(a)]

[DEFENDANTS LOPEZ AND TELLEZ-MORALES]

On or about July 22, 2025, in Riverside County, within the Central District of California, defendants CARLOS ABRAN LOPEZ and FELIX ALBERTO TELLEZ-MORALES, each aiding and abetting the other, knowingly used and carried, during and in relation to, and possessed the following firearms in furtherance of a drug trafficking crime, namely, Possession with Intent to Distribute N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B)(vi), as charged in Count Nine of this Indictment:

3.   A Savage model 110 .243 caliber rifle bearing serial number F035709;

4.   A Zbrojovka Brno model VZ.24 rifle bearing serial number 321; and

5.   A Liberty model 400 twelve-gauge shotgun bearing serial number 0401.

COUNT ELEVEN

[18 U.S.C. § 922(g)(1)]

[DEFENDANT LOPEZ]

On or about July 22, 2025, in Riverside County, within the Central District of California, defendant CARLOS ABRAN LOPEZ knowingly possessed the following firearms, each in and affecting interstate and foreign commerce:

1.    A Savage model 110 .243 caliber rifle bearing serial number F035709;

2.    A Zbrojovka Brno model VZ.24 rifle bearing serial number 321; and

3.    A Liberty model 400 twelve-gauge shotgun bearing serial number 0401.

Defendant LOPEZ possessed these firearms knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Criminal Threats, in violation of California Penal Code Section 422, in the Superior Court of the State of California, County of Riverside, case number SWF019670, on or about January 16, 2007; and

2.    Possession of Methamphetamine, in violation of California Health and Safety Code Section 11377, in the Superior Court of the State of California, County of Riverside, case number SWF1102439, on or about March 14, 2013.

16

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Five, Eight or Nine of this Indictment.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold

17

to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts Six, Seven, Ten, and Eleven of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

///

///

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

.                         A TRUE BILL

/S/
_____
Foreperson

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

PETER DAHLQUIST
Assistant United States Attorney
Chief, Riverside Office

STEPHEN T. MERRILL
Special Assistant United States
Attorney, Riverside Office